UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY LEE JENSEN,<br>Plaintiff,<br>v.<br>COUNTY OF DEL NORTE, et al.,<br>Defendants. | Case No. 26-cv-04631-JST<br><br>**ORDER GRANTING LEAVE TO AMEND AND TERMINATING MOTIONS TO DISMISS**<br><br>Re: ECF Nos. 18, 37, 50 |

Pending before the Court are motions to dismiss filed by Defendants County of Del Norte and City of Crescent City. ECF Nos. 18, 37. After the motions were fully briefed and their hearings vacated, Plaintiff Jeremy Lee Jensen filed a motion for leave to file an amended complaint. ECF No. 50. Jensen's motion states that the County and City oppose his motion, ECF No. 50-3 at 5–6, and the County has filed a written opposition, ECF No. 52.

The County identifies two procedural errors with the filing of Jensen's motion. First, the County argues that Jensen's motion was improperly filed as an administrative motion. Administrative motions are for matters "not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge," including, for example, "matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal." Civil L.R. 7-11. Jensen seeks relief under Rule 15(a) of the Federal Rules of Civil Procedure and therefore should have filed his motion as a regularly noticed motion under Civil Local Rule 7-2. He realized this mistake and attempted to correct it the same day he filed his motion by emailing the Court's courtroom deputy—and copying counsel for Defendants, including the County, which should have mentioned Jensen's email in its opposition brief. ECF No. 53-3 at 2. He explained that the filing event he chose defaulted to filing as an administrative motion, and he asked how

United States District Court
Northern District of California

United States District Court
Northern District of California

that mistake could be corrected. *Id.* Second, the County correctly observes that Jensen failed to provide with his motion the "redlined or highlighted version comparing the proposed amended pleading to the current operative pleading" that is required by Civil Local Rule 15-1(a). Jensen subsequently provided the highlighted version in response to the County's opposition. ECF No. 53-2. The Court will not deny the motion on the basis of either of these procedural errors and will decide the motion on its merits.

Rule 15(a) "is very liberal." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). The Ninth Circuit has explained that "leave to amend shall be freely given when justice so requires. But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.* (citation modified).

Jensen states that the filed version of his complaint "was an earlier draft" that he did not intend to file. ECF No. 50 at 4. Jensen states that he realized this mistake in July 2026, ECF No. 53 at 5, and it would have been preferable for him to have brought this error to the Court sooner. But it also makes little sense for the Court to rule on the sufficiency of a pleading that the plaintiff did not intend to file. Moreover, the Court finds leave to amend to be appropriate under the liberal standards governing application of Rule 15(a). This case is at an early stage of the proceedings. While the City and County might choose to challenge the sufficiency of the amended complaint, the Court does not find that this constitutes undue delay or meaningfully prejudices Defendants. To the extent Defendants believe the amended complaint contains similar defects to the original complaint, it will not be burdensome for them to file a motion to dismiss the amended complaint. However, as discussed below, Jensen should consider the contents of the City's and County's motions to dismiss before filing his amended complaint.

The Court grants Jensen's motion for leave to amend. ECF No. 50. Jensen shall file his amended complaint no later than December 4, 2026. The pending motions to dismiss are terminated as moot based on Jensen's intent to file an amended complaint. ECF Nos. 18, 37.

The Court advises Jensen that, when a court considers a motion to dismiss, it "*may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to

a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis in original). Thus, if Jensen believes that additional allegations are necessary to respond to the arguments raised in the City's and County's motions to dismiss his original complaint, he should not wait to raise those allegations in an opposition brief to a motion to dismiss the amended complaint, if Defendants choose to file such a motion. Instead, he should add those allegations to his amended complaint before filing it. In addition, Jensen is advised that "an amended pleading supersedes the original pleading." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). This means that his amended complaint will fully replace the original complaint, and that the amended complaint may not include allegations from the original complaint by reference—i.e., it may not say that paragraphs X through XX of the original complaint are incorporated by reference. Any allegations in the original complaint that Jensen wishes to include in his amended complaint must be repeated in the amended complaint.

**IT IS SO ORDERED.**

Dated: November 9, 2026

JON S. TIGAR
United States District Judge